UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
and BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS FUND,

                                                Plaintiffs,

      -against-                                              COMPLAINT

SECURITAS SECURITY SERVICES USA, INC.,

                                                Defendant.

------------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund") and Building Service 32BJ Supplemental Retirement and Savings Fund ("SRSP Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Securitas Security Services USA, Inc.("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by employee health and savings benefit funds for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

(c) 28 U.S.C. Section 1331 (federal question); and

(d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)), as the Funds maintain their offices and principal places of business within the Southern District of New York.  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).   The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health insurance and annuity savings benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West18th Street, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was, and continues to be, a for-profit Delaware corporation, registered to do business, in New York and other States, operating a security business or businesses throughout the United States, including in the District of Columbia (Washington, D.C.) and the City of New York., and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, Defendant is party to a collective bargaining agreement, captioned "Washington, D.C. Security Contractors Agreement" (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the unit set forth in the Agreement with the Union. This action involves only the obligations arising under the Agreement, to the exclusion of any other claims that may exist under other collective bargaining agreements between the Union and the Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT)

8. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

9. Pursuant to the Agreement, which Agreement incorporates by reference the Trust Agreements of the respective Funds, and the collection policies of the respective Funds, Defendant was required to contribute to the Funds on a monthly basis sums of contributions to cover certain of Defendant's employees with benefits. As a result, there be came due and owing to Funds from Defendant under the Agreement (to the exclusion of obligations that may be owed under other collective bargaining agreements between the Defendant and the Union) benefit contributions based upon audit findings and under payments estimated as follows:

2013-2016 Audit
Principal                                                        $364,730.54

| | | |
|---|---|---|
| Interest (through June 1, 2018) | | $125,337.98 |
| | Sub-Total: | $490,068.52 |

2011—2013 Audit
| | | |
|---|---|---|
| Principal | | $314.40 |
| Interest (through June 1, 2018) | | $3,804.11 |
| | Sub-Total: | $4,118.51 |

Under Payments
| | | |
|---|---|---|
| Principal | | $12,472.19 |
| Interest (through June 1, 2018) | | $3,680.58 |
| | Sub-Total: | $16,152.77 |
| | Grand-Total: | $510,339.80 |

10. Defendant is delinquent in its contributions owed to the Funds under the Agreement and although all contributions have been duly demanded, such have not been paid. The Funds have therefore been damaged in lost principal and interest in the amounts set forth above and are entitled to the above sums, plus additional pre and post judgment interest, liquidated damages, costs and attorney's fees.

11. The failure, refusal or neglect of Defendant to make the required contributions, and remit interest and liquidated damages to the Funds constitute a violation of the Agreement between Defendant and the Union with respect to which the Funds are third-party beneficiaries.

12. The Agreement grants the Funds the right to bring this action against Defendant, as third party beneficiaries of the Agreement.

13. Accordingly, Defendant is liable to the Funds for benefit contributions, interest, liquidated damages and attorneys fees as per the Agreement, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

**(FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)**

14. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to submit to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

16. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or submit reports constitute violations of Section 515 of ERISA (29 U.S.C. § 1145).

17. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

18. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,** Plaintiffs Funds demand judgment:

a. against Defendant, for payment of all past due contributions in amounts to be determined for the period covered by the Agreement to date, but no less than $377,517.13;

b. against Defendant, for payment of all contributions which become due under the Agreement during the pendency of this action;

c. against Defendant, for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and in accordance with the Agreement, in the current amount of $132,822.67, plus such additional interest as will accrue until the principal is paid.

d. against Defendant, for liquidated damages on all contributions now due and which accrue

during the pendency of this action, in accordance with ERISA § 502(g)(2) and in accordance with the Agreement, whichever is higher, but not less than $75,503.42;

 e. for an award against Defendant, for the Funds' reasonable attorneys' fees, auditing fees and costs and disbursements in accordance with ERISA § 502(g)(2) and in accordance with theAgreement;

 f. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
   June 20, 2018

               RAAB, STURM & GANCHROW, LLP

            By: s/ Ira A. Sturm
               Ira A. Sturm (IS-2042)
               *Attorneys for Plaintiffs Funds*
               2125 Center Avenue, Suite 100
               Fort Lee, new Jersey 07024
               201-292-0150
               Fax: 201-292-0152
               isturm@rsgllp.com